UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PORT LIBERTE HOMEOWNERS ASSOCIATIONK, INC., <br><br> Plaintiff, <br><br> v. <br><br> LEXINGTON INSURANCE COMPANY, <br><br> Defendant. | Civ. No. 16-7934 (KM-MAH) <br><br> MEMORANDUM OPINION and ORDER |

## KEVIN MCNULTY, U.S.D.J.:

### I. INTRODUCTION

This is an insurance coverage action arising from damage inflicted on Port Liberte by Superstorm Sandy. Port Liberte, a condominium complex in Jersey City, sues its property insurer, Lexington Insurance Company, which paid out nearly $6 million on its claim but declined to reimburse it for items totaling approximately $3.3 million. The Complaint (ECF no. 1) is in four counts: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Breach of Fiduciary Duty; and (4) Declaratory Judgment.

Now before the court is Lexington's motion (ECF no. 12) to dismiss Counts 2 and 3 of the Complaint or, in the alternative, to stay those two Counts pending resolution of Counts 1 and 4. For the reasons stated herein, I will grant the requested alternative relief and stay Counts 2 and 3.

The Complaint alleges that Lexington wrongly classified certain items as "Outdoor Property," which had the effect of subjecting those items to a contractual sublimit. (Cplt. ¶¶ 35–70) Lexington allegedly misclassified certain damage items as "Debris Removal," and some disposal costs as "Decontamination Costs," categories which also are subject to a contractual

1

sublimit. (Cplt. ¶¶ 51–69) Lexington allegedly wrongfully denied Port Liberte's claims for consequential loss of monthly docking fees. (Cplt. ¶ ¶ 70–76)

Counts 1 and 4 straightforwardly allege that Lexington has thereby breached the contract of insurance between the parties. They seek reimbursement of the listed items and a declaration that they are covered. Counts 2 and 3 allege that the same conduct constituted bad-faith conduct—*i.e.*, a breach of the implied covenant of good faith and fair dealing, or a breach of a fiduciary duty.

## II. DISCUSSION

### A. Motion to Dismiss

Lexington first moves to dismiss Counts 2 and 3 for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).*See id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

There does not seem to be any disagreement as to the essentials of these causes of action. Breach of the covenant of good faith and fair dealing, in the context of an insurance claim, requires "the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Pickett v. Lloyd's*, 131 N.J. 457, 473 (1993). Thus no liability will arise if the claim is "fairly debatable." *Id.* Breach of fiduciary duty requires "(1) the existence of a fiduciary relationship between the parties; (2) the breach of the duty imposed

2

by that relationship; and (3) damages or harm to the plaintiff caused by said breach." *SalandStacy Corp. v. Freeney*, No. 11-3439 (JLL), 2012 U.S. Dist. LEXIS 38141, *36 (D.N.J. Mar. 21, 2012).

Lexington points out, with some justice, that Counts 2 and 3 do not allege many specific facts that would elevate this coverage dispute to the level of bad faith or a fiduciary breach. The partial denial of coverage is characterized as heinous, largely through the medium of the piling on of adjectives. Nor does the Complaint seem to allege any particular facts that would support an inference that this ordinary insured/insurer relationship was a fiduciary one.

It is possible to debate whether the plaintiff should be put to the burden of amending these claims. I have determined, however, that it is neither necessary nor desirable to consider these issues now. A stay of these two counts in favor of Counts 1 and 4 will ensure a more orderly procedure and will also place any future rulings about Counts 1 and 3 on a firmer factual footing.

### B. Severance and Stay

This Court has the discretionary authority to sever and stay claims, for purposes of pretrial proceedings, *see* Fed. R. Civ. P. 26(d)(2), or for trial, *see* Fed. R. Civ. P. 42(b), in the interests of justice and efficiency. I find that a severance and stay of Counts 2 and 3 makes sense, both as logic and as case management.

If, for example, there is no coverage, then denial of a claim cannot have been in bad faith, so discovery and litigation on the bad faith issue will have been wasted. Only if coverage is found need a court explore complicated issues of the insurer's motives and the level of certainty it was required to have before denying a claim. In short, "[p]roof an insured is entitled to coverage as a matter of law is a necessary pre-requisite to pursuing discovery regarding a bad faith claim." *Wacker-Ciocco v. Gov't Employees Ins. Co.*, 2014 WL 8187203 at *5 (App. Div. Mar. 16, 2015).

3

No surprise, then, that severance and stay of bad faith claims has been called the "prevailing practice" in both the state and federal courts of New Jersey. *Abiona v. GEICO Indem. Co.*, No. CV 15-6013, 2016 WL 1046791, at *4 (D.N.J. Mar. 16, 2016) (Hillman, J.). *See also Riverview Towers Apartment Corp. v. OBE Ins. Co.*, No. 14-6744 (JBS/JS), 2015 WL 1886007, *1 (D.N.J. Apr. 17, 2015); *Beachfront N. Condo. Assoc., Inc. v. Lexington Ins. Co.*, No. 14-6706 RBK-JS, 2015 WL 3879665 (D.N.J. June 24, 2015) (recognizing "judicial economy and efficiency for both parties will be promoted by avoiding expensive and time-consuming discovery on plaintiff's bad faith claim"); *Procopio v. GEICO*, 433 N.J. Super. 377, 383 (App. Div. 2013) ("Preserving the insured's ability to pursue his or her bad faith claim while deferring discovery thereon until the resolution of the UM or UIM claim best accommodates the varying interests involved."). The same principle applies as to fiduciary breach claims.

Nothing about the claims here suggests that a finding of bad faith or a fiduciary breach is so likely that the Court should collapse the sequence of issues and depart from the usual, sensible practice of severance.

## ORDER

Accordingly,

IT IS this 25th day of April, 2017,

ORDERED that the motion (ECF no. 12) is DENIED in part and GRANTED in part, as follows:

1. The motion to dismiss Counts 2 and 3 is DENIED as presented, without prejudice;

2. The alternative motion to sever and stay Counts 2 and 3 until further order of the Court is GRANTED.

_____
HON. KEVIN MCNULTY, U.S.D.J.